<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROOSEVELT GERALD,

       Plaintiff,

       v.

JO ANNE B. BARNHART,

       Defendant.

Civ. No. 02-1842 (WGB)

<u>O P I N I O N</u>

<u>APPEARANCES</u>

LANGTON & ALTER
P.O. Box 1798
2096 St. Georges Avenue
Rahway, NJ 07065

By:  Abraham S. Alter, Esq.

    Attorneys for Plaintiff


CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY
970 Broad Street, Suite 700
Newark, New Jersey 07102

By:  Anthony J. LaBruna, Esq.
    Assistant United States Attorney

    Attorney for Defendants


**BASSLER, SENIOR DISTRICT JUDGE:**

The Plaintiff, Roosevelt Gerald ("Plaintiff"), brings this action pursuant to 42 U.S.C. 405(g) and 1383(c)(3) of the Social Security Act.  Plaintiff seeks review of the final decision of

the Commissioner of Social Security ("Commissioner") denying him disability insurance benefits and supplemental security income. For the reasons set forth in this Opinion, the Commissioner's decision is **reversed** and **remanded** for further proceedings consistent with this Opinion.

I.  BACKGROUND

On February 16, 1994, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability as of June 28, 1988.  Plaintiff complains that, to the point of disability, he suffers from pain in the head and shoulders, a heart condition and shortness of breath. (Tr. 182-84, 212).  The applications were denied initially and on reconsideration.  By request of the Plaintiff, a hearing was held on June 10, 1996, before Administrative Law Judge ("ALJ") Javier Arristia.  On June 26, 1996, the ALJ found that the Plaintiff was not disabled and issued an Unfavorable Decision.  After requesting review by the Appeals Council, the claim was remanded for a new hearing on June 19, 1998.  On January 15, 1999, a new hearing was held before ALJ Dennis O'Leary who determined that Plaintiff was not disabled.

The ALJ's relevant formal findings are that:

5.  The claimant generally has the residual functional capacity to perform work-related activities except for interacting extensively or well with supervisors, co-workers or the general public, or understanding, remembering and carrying out anything but simple, routine tasks consistently.

-2-

     7.    The claimant's impairments do not prevent the claimant from performing his past relevant work.

     8.    The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision.

     (Tr. at 26-27)(citations omitted).

The ALJ issued an Unfavorable Decision on March 20, 1999.  On February 15, 2002, the Appeals Council denied Plaintiff's request for review.  A complaint was duly filed with this Court on April 19, 2002.

     Plaintiff seeks to reverse the Commissioner's ruling because he claims that the ALJ erred by failing to consider all of the relevant evidence before making the determination whether Plaintiff is entitled to disability benefits.  Specifically, Plaintiff claims that the ALJ erroneously failed to consider testimony from the court-appointed vocational expert.  The Assistant United States Attorney agrees that this matter must be reversed and remanded for further administrative proceedings. The Court finds that the ALJ did fail to evaluate all of the relevant evidence and therefore reverses and remands the instant action for further proceedings.

II.  DISCUSSION

     A.  Standard of Review

     This Court has jurisdiction to review the Secretary's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3); see also Richardson v. Perales, 402 U.S. 389, 410 (1971); Mason v.

-3-

<u>Shalala</u>, 994 F.2d 1058, 1064 (3d Cir. 1993).  According to the
United States Supreme Court, substantial evidence means "more
than a mere scintilla... [and] such relevant evidence as a
reasonable mind might accept as adequate."  <u>Richardson</u>, 402 U.S.
at 401 (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S.
197, 229 (1938)).

To determine eligibility for disability benefits, the
Secretary follows a five-step inquiry.  First, the claimant must
not be currently employed.  20 C.F.R. § 404.1520(b).  Second, she
must have an impairment that significantly limits her ability to
work.  20 C.F.R. 404.1520(c).  Third, the claimant's injury is
compared to 20 C.F.R. § 404.1520(d).  If the claimant has such an
impairment, then the Secretary must conclude that the claimant is
disabled and entitled to benefits.  <u>Id.</u>

If the claimant's impairment is not found in the Listing of
Impairments, the fourth and fifth steps must be followed.  To
fulfill the fourth step, the claimant must prove that she can not
perform her prior work as a result of a severe impairment.  20
C.F.R. § 404.1520(e).  Finally, the fifth step states that if the
claimant can not perform her previous work, the Secretary must
determine whether the plaintiff can perform any other work
available in the national economy.  20 C.F.R. § 404.1520(f).  In
so doing, the Secretary must consider the claimant's residual
functional capacity ("RFC") along with her age, education and

-4-

past work experience.  Id.

     The burden of proof in steps one through four of this test
falls upon the claimant to prove his disability.  Ferguson v.
Schweiker, 765 F.2d 31, 36 (3d Cir. 1985); Rossi v. Califano, 602
F.2d 55, 57 (3d Cir. 1979).  In considering the fifth step,
however, the burden shifts to the Secretary to prove that the
claimant can perform other available work.  Ferguson, 765 F.2d at
36; Rossi, 602 F.2d at 57.

     B.   This Court is Unable to Conduct Substantial
          Evidence Review Because of the ALJ's Failure
          to Recite Rejected Evidence

     Plaintiff contends that the decision of the Commissioner is
unsupported by substantial evidence in the record.  This Court
has the authority to enter a judgment affirming, modifying, or
reversing the decision of the Commissioner, with or without
remanding the cause for a rehearing.  42 U.S.C. § 405(g); Shalala
v. Shaefer, 509 U.S. 292, 297 (1993).  A remand may be made,
pursuant to § 405(g), if the Commissioner has failed to provide a
full and fair hearing, failed to make explicit findings, or
failed to have correctly applied the law and regulations.
Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

     The Court of Appeals for the Third Circuit has mandated that
the ALJ must express all of the evidence that he considered in
reaching his decision, including that evidence which he rejected.
Cotter v. Harris, 642 F.2d 700 (3d Cir. 1981).  That court

-5-

stated:

> We need from the ALJ not only an expression of
> the evidence he considered which supports the
> result, but also some indication of the
> evidence which was rejected.  In the absence
> of such an indication, the reviewing court
> cannot tell if significant probative evidence
> was not credited or simply ignored.

_____(Cotter at 705).

The Third Circuit Court of Appeals has emphasized the importance of reciting probative evidence, whether or not it supports the ultimate conclusion.  In Walton v. Halter, the court explained that "on numerous occasions we are unable to conduct our substantial evidence review if the ALJ fails to identify the evidence he or she rejects and the reason for its rejection." 243 F.3d 703 (3d Cir. 2001).  Because the ALJ failed to provide an articulated basis for rejecting the probative evidence this Court is unable to conduct substantial evidence review. Furthermore, the ALJ relied upon testimony given at the January 15, 1999 hearing, and a transcript of that hearing is not contained in the administrative record.

In this case, Plaintiff argues, and the Assistant United States Attorney agrees, that the ALJ failed to provide a sufficient analysis and explanation in support of his basis for rejecting the testimony of a vocational expert, Dr. Robert

-6-

Meola.[1]   In the administrative decision, there is no recitation
of Dr. Meola's testimony.  In a fleeting reference to Dr. Meola,
the ALJ merely stated that,

> "as an impartial vocational expert [Dr. Meola]
> confirmed at the supplemental hearing that the
> type of factory work that the claimant
> performed in the relevant past was unskilled
> and would not ordinarily require much
> interaction with others."

(Tr. at 26).

A review of the testimony taken at the June 10, 1996 hearing
indicates that Dr. Meola provided evidence in contradiction to
the ALJ's ultimate decision, and that evidence was either
rejected or ignored by the ALJ.  (Tr. 105-118).  Absent a reason
or explanation for the omission of this evidence, this Court must
remand this matter to the Commissioner for further proceedings.

The ALJ further erred by relying on testimony obtained at
the January 15, 1999 hearing yet failed to include a transcript
of that hearing in the administrative record.  In finding that
Plaintiff could return to his past work as a factory worker, the
ALJ relied on Dr. Meola's testimony that this type of factory
work would not require much interaction with others.  (Tr. 26).
The ALJ also noted that at that hearing Plaintiff testified that
he socialized with his pastor and sister regularly and took care

---

[1]"The Commissioner acknowledges that in reaching this
conclusion the ALJ erred by not fully complying with Third
Circuit case law."  (Def.'s Br. at 3).

of his apartment.  (Tr. 19).  A review of the administrative record reveals that the transcript of that January 1999 hearing is not contained within.  The Assistant United States Attorney also agrees that the record is deficient for failing to include a transcript of the 1999 hearing and that a remand is necessary. (Def.'s Br. at 3).  Because the hearing testimony was not included in the record, and since the ALJ relied on this testimony, a remand for further proceedings is necessary.

      C.   Because the Evidence Does Not Clearly Support a Finding of Disability, Remand for the Payment of Benefits is Not the Appropriate Remedy

     Plaintiff asks this Court to remand this matter to the Commissioner for the payment of benefits on the basis of the vocational expert's testimony.  A decision to reverse for payment of benefits "should be made only when substantial evidence on the record as a whole indicates that the Claimant is entitled to benefits."  Gilland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986). Because the evidence does not indicate that the Plaintiff in this case is entitled to benefits, a remand for further proceedings is the appropriate remedy in this matter.

     In this case, the ALJ determined that Plaintiff retained the residual functional capacity to perform work at all exertional levels which did not require interacting extensively with supervisors, coworkers or the general public; or, understanding, remembering or carrying out anything but simple, routine tasks

-8-

consistently.  (Tr. 26).  At step four of the evaluation, the ALJ concluded that Plaintiff was not disabled.

The ALJ determined that Plaintiff had no exertional limitations.  This decision was supported in the record by the opinion of Dr. Maurice Meyers, who did not find any functional incapacity.  He assessed that Plaintiff did not appear to have any problems sitting, standing, walking, lifting, carrying, handling objects or speaking.  (Tr. 262).  The ALJ's functional capacity determination is further supported by the opinion of Dr. Vastesaegar whose findings buttressed those of Dr. Meyers.  (Tr. 345-58).

The ALJ additionally found that Plaintiff could work, notwithstanding his non-exertional limitations as a result of his mental impairment.  Dr. Myron Denholtz opined that Plaintiff's impairment was not "severe" and had only a minimal effect on Plaintiff's ability to perform work-related activities, such as walking, standing or sitting.  (Tr. 132).

The ALJ also determined that Plaintiff retained the residual functional capacity to engage in his past work.  The ALJ relied on the opinion of Dr. Cornelia F. Wilber.  Dr. Wilber's examination report indicated that Plaintiff received a global assessment functioning ("GAF") score of 65.  A GAF score of 65 indicates that although the individual has some difficulty in social, occupational or educational functioning, he is generally

functional.  (Tr. 295-300).

The findings of these various doctors cast doubt on Plaintiff's contention that he is disabled.  Because the record, as a whole, fails to indicate substantial evidence to support a finding of disability, and therefore an award of benefits, this matter will be remanded to the Commissioner for further proceedings.

Plaintiff's claim, that he is entitled to benefits because of the nine-year delay in receiving an administrative decision, is unavailing.  The Commissioner has provided at least three opportunities for Plaintiff to stipulate to a remand in this case.  (Def.'s Decl. of Aug. 8, 2005, Ex. 1-3).  Plaintiff has chosen not to stipulate to the remand and therefore has himself contributed to this unfortunate delay.  Accordingly, this Court is unwilling to remand for a payment of benefits in this instance.

D.   <u>Upon remand the ALJ Must Recall Dr. Meola as a Vocational Expert Unless He is Unavailable</u>

Plaintiff requests, should this Court decide to remand this case for further proceedings, that the ALJ be ordered to recall Dr. Meola, the court-appointed vocational expert.  Plaintiff has a strong interest in questioning Dr. Meola regarding his prior testimony given in 1996 and 1999.  Furthermore, Dr. Meola's earlier testimony was erroneously omitted from the ALJ's decision.  Should the ALJ reach the fifth step of the evaluation

-10-

process and require a vocational expert, Dr. Meola must be required to testify, unless he is unavailable, and his testimony must be expressly considered by the ALJ.

III.  <u>CONCLUSION</u>

For the reasons stated in this Opinion, this Court **reverses** and **remands** the Commissioner's decision to deny the claimant disability insurance benefits and supplemental security income and further directs the Commissioner to assign this matter to a different Administrative Law Judge.

An appropriate Order accompanies this Opinion.


<u> /S/ WILLIAM G. BASSLER       </u>
WILLIAM G. BASSLER, U.S.S.D.J.


Dated: 1 November 2005