UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ROOSEVELT GERALD

    Plaintiff,

v.

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY

    Defendant.

Civ. No. 02-1842 (WGB)

O P I N I O N

Appearances

James Langton, Langton & Alter, Esquires #JL4751
2096 St. Georges Avenue
P.O. Box 1798
Rahway, New Jersey 07065

    Counsel for Plaintiff

Christopher J. Christie, United States Attorney #AL9545
970 Broad Street
Suite 700
Newark, NJ 07102

    Counsel for Defendant

**BASSLER, DISTRICT JUDGE:**

    This Opinion addresses the timely-filed petition for fees pursuant to the Equal Access to Justice Fees Act (EAJA) by James Langton, Esq., counsel for Plaintiff Roosevelt Gerald.[1]  The Defendant Commissioner of Social Security does not dispute that

---

[1] Although Defendant titles its brief motion for reversal and remand, Defendant has failed to make any formal motion by filing a notice.  Additionally, Defendant could have moved to have this Court reconsider its prior ruling, but a motion for reversal and remand is improperly before this Court.

1

Plaintiff is the prevailing party or that Plaintiff's counsel is entitled to EAJA fees. Instead, Defendant contends that Plaintiff's counsel should not receive the full amount of fees sought. In particular, Defendant claims Plaintiff's counsel should not receive any attorney's fees for the period after the Commissioner offered remand because "special factors" make an award of such fees unjust. Alternatively, Defendant asserts that fees requested by Plaintiff's counsel should be reduced because the time expended by Plaintiff in submitting his own motion seeking reversal and remand for payment of benefits, in light of the Commissioner's offers to remand, was not reasonably expended. For the following reasons, the Court grants Plaintiff's motion for attorney's fees in the amount requested of $4,532.75.

I.  Background

Plaintiff filed a complaint with this Court on April 19, 2002 after being denied Disability Insurance Benefits and Supplemental Security Income benefits by an Administrative Law Judge (ALJ). Defendant admits that the ALJ erred in relying upon the opinion of Dr. Corneila F. Wilbur in making his decision, since the doctor's opinion was inconsistent with the ALJ's findings. Additionally, the ALJ erred in not including Plaintiff's expert testimony in the administrative record, testimony that favored the notion of disability. As a result of these findings, on May 2, 2003, Defendant began offering

Plaintiff a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g).  Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A total of four offers of voluntary remand were made by Defendant from May 2, 2003 through November 4, 2004; Plaintiff rejected all four offers on the basis that the ALJ had not filed the transcript of the record.

Defendant then answered Plaintiff's Complaint on January 14, 2005.  On June 21, 2005, this Court ordered Plaintiff to file a brief; at this time, Plaintiff was still not in possession of the hearing transcript, which Defendant eventually filed on June 29, 2005.  After filing the transcript, Defendant again offered Plaintiff a sentence four remand.  Plaintiff agreed to the remand under two conditions: 1) that a new ALJ hear his case, since the ALJ who initially denied his claim caused the original error, and 2) that the expert Plaintiff used in the initial hearing be recalled in lieu of using a new expert.  Defendant refused to accept Plaintiff's stipulations, offering only an open remand where she could dictate the circumstances of the new hearing.  Plaintiff rejected Defendant's open remand and proceeded with the Complaint.  In an Order and Opinion dated November 1, 2005, this

Court remanded the case, further ruling that Plaintiff could recall his expert witness and have a hearing in front of a new ALJ, the two conditions Plaintiff originally sought from Defendant.

II. Discussion

The EAJA provides that counsel for prevailing parties are entitled to fees when an application for fees is filed within thirty days of final judgment in the action unless ". . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A)-(B). Additionally:

> The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(C). Plaintiff filed an application for EAJA fees on November 21, 2005, well within the prescribed thirty day period.

Defendant argues that Plaintiff is not entitled to the full amount of attorney's fees because she offered Plaintiff a remand. According to 42 U.S.C. § 405(g), a complaint, answer, and transcript of the record must be on file with the court in order for a plaintiff to accept and a court to approve a sentence four remand. Although Defendant claimed to review the transcript in May 2003, she did not file it nor provide a copy to Plaintiff until June 29, 2005. As a result, Plaintiff was precluded from

accepting any sentence four remand at any time before June 29, 2005.

Defendant asserts that from July 8, 2005 through this Court's decision on November 1, 2005, Plaintiff unreasonably rejected her July 2005 valid offer of remand and thus, should not be entitled to attorney's fees for work completed during that period of time.  Conversely, this Court finds that Defendant is the one who burdened the Court by either falsely stating that she had the transcript back in 2003 or alternatively, by taking two years to file the transcript and answer the complaint.  Further, when an offer of remand was finally valid in June 2005, Plaintiff was willing to accept the remand on two stipulations, which this Court finds was reasonable.  While Defendant claims it would be unjust to award attorney's fees for this period of time, to the contrary, it would have been unjust to subject Plaintiff to the same ALJ who rejected his claim while also forcing him to find a new expert witness when error relating to the expert's testimony was originally made by Defendant's office.

Defendant is correct in asserting that there was no need for this case to exist after the final offer of remand, though she wrongly blames Plaintiff for the unnecessary litigation.  Accordingly, this Court refuses to exercise its discretion under § 2412(d)(1)(C) to reduce Plaintiff's attorney's fees.  Plaintiff is awarded fees in the amount of $4,382.75, in addition to the

5

$150.00 filing fee, for a total award of $4,532.75.[2]

Dated: June 22, 2006

                                        /S/ WILLIAM G. BASSLER
                                        William G. Bassler, U.S.S.D.J.

---

[2] Plaintiff submitted an elaborate formula for calculating EAJA attorney's fees, adjusted for inflation, which is undisputed by Defendant.

6